AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Aug 16, 2023
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Arkansas

El Dorado Division

| | |
|---|---|
| In the Matter of the Search of:<br>**Kik Account Bearing Username "TopFL_" at the premises controlled by MediaLab, Inc. (Kik).** | ) ) ) ) ) ) Case No.  1:23-cm-26 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **See Attachment A. This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.**

located in the _____Western_____ District of _____Arkansas_____ , there is now concealed *(identify the person or describe the property to be seized)*: **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(2) | Receipt and Distribution of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography or Access with Intent to View Child Pornography |
| 18 U.S.C. § 2252A(a)(4)(B) | Selling or Intent to Sell Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet. **See Affidavit of FBI Special Agent Warren W. Rooney.**

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_/s/ Warren W. Rooney (via telephonically)_
*Applicant's signature*

Warren W. Rooney, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 15, 2023

City and state: El Dorado, Arkansas

_____
*Judge's signature*

Barry A. Bryant, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

This warrant applies to the contents of and information associated with Kik account bearing username **TopFL_**, a certain account that is stored at premises owned, maintained, controlled, operated by MediaLab, Inc., a social media provider headquartered at 1222 6th St., Santa Monica, CA 90401.

# ATTACHMENT B

## Particular Things to be Seized

**I.  Information to be disclosed by MediaLab, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of MediaLab, Inc., including any text, image or video messages, records, files, logs, or information that have been deleted but are still available to MediaLab, Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), MediaLab, Inc. is required to disclose the following information to the government for each user name listed in Attachment A:

(a)   All Basic subscriber information includes:

   a. Kik username

   b. Email address

   c. Phone number

   d. Display name

   e. Kik account creation date and IP address

   f. Timestamp and IP address of account logins and logouts

(b)   All photos or videos taken using the Kik app's camera, and/or shared with the user's friends, or in a group chat or individual chat, including metadata associated with such images or videos.

(c)   All messages sent from the account identified in Attachment A to any other Kik users.

(d)   All text and multimedia messages stored and presently contained in, or on behalf of the account or identifier;

(e)   All Kik chat groups in which the identified account is a member.

(f)   A complete list of the identified account's contact list and chat partners deleted and undeleted.

1

(g)	All user typed messages, audio notes, and video notes to friends within the Kik app using the chat feature.

(h)	All opened and unopened one-to-one chats, to include chats sent in groups.

(i)	All user saved messages.

(j)	All device-level location services maintained by Kik.

(k)	All activity logs for the account and all other documents showing the user's posts, chats, and other activities on Kik;

(l)	All other records of communications and messages made or received by the user.

(m)	All IP logs, including all records of the IP addresses that logged into the account;

(n)	All past and present contacts created by the identified user engaging in chats with another Kik user;

(o)	All records of Kik searches performed by the account;

(p)	The types of service utilized by the user;

(q)	The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(r)	All privacy settings and other account settings, including privacy settings for individual Kik posts and activities, and all records showing which Kik users have been blocked by the account;

(s)	All records pertaining to communications between Kik and any person regarding the user or the user's Kik account, including contacts with support services and records of actions taken.

**II.      Information to be seized by the government**

The following materials which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography; Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography; and Title 18, United States Code, Section 2252A(a)(4)(B), Selling or Intent to Sell Child Pornography.

(a)     Evidence indicating how and when the Kik account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Kik account owner;

(b)     Evidence indicating the Kik account owner's state of mind as it relates to the crime under investigation; pertaining to the production, possession, receipt, enticement or distribution of child pornography.

(c)     Evidence of communications related to the possession, receipt, or distribution of child pornography and/or, the enticement of a minor to engage in illegal sexual activity.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Warren W. Rooney, a Special Agent with the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with Kik username TopFL_ (hereinafter **SUBJECT ACCOUNT**), a certain account that is stored at premises controlled by MediaLab, Inc. (Kik), a social media provider headquartered at 1222 6th Street, Santa Monica, CA 90401. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require MediaLab, Inc., to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography; Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography; and Title 18, United States Code, Section 2252A(a)(4)(B), Selling or Intent to Sell Child Pornography as described in Section II of Attachment B.

2. I have been employed as a Special Agent (SA) of the FBI since July 2022. I was previously employed as a Commissioned Officer in the United States Marine Corps. I am currently assigned to the El Dorado Resident Agency of the Little Rock Division within the FBI. During my employment with the FBI, I have received training concerning and been involved

1

in the investigations of numerous federal offenses to include violations of violent crimes against children involving human trafficking, enticement, and child prostitution, as well as child pornography offenses including production, transportation, receipt, distribution, advertisement, or possession.

3. The statements in this affidavit are intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that evidence of the alleged violations of Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography; Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography; and Title 18, United States Code, Section 2252A(a)(4)(B), Selling or Intent to Sell Child Pornography and relating to the sexual exploitation of minors as defined in Title 18, United States Code, Section 2256, is located in the **SUBJECT ACCOUNT**.

5. The statements in this affidavit are based in part on information provided by the National Center for Missing and Exploited Children (NCMEC), information relayed to me by other law enforcement officials, and my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography; Title 18, United States Code, Section 2252A(a)(5)(B),

Possession of Child Pornography or Access with Intent to View Child Pornography; and Title 18, United States Code, Section 2252A(a)(4)(B), Selling or Intent to Sell Child Pornography are located in the **SUBJECT ACCOUNT**.

## STATUTORY AUTHORITY

6. This investigation concerns alleged violations of Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography; Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography; and Title 18, United States Code, Section 2252A(a)(4)(B), Selling or Intent to Sell Child Pornography.

   a. Title 18, United States Code, Section 2252A(a)(2) prohibits a person from knowingly receiving or distributing any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   b. Title 18, United States Code, Section 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view, any book, magazine, periodical, film, video-tape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   c. Title 18, United States Code, Section 2252A(a)(4)(B) prohibits a person from knowingly selling or possessing with the intent to sell any child pornography that has been mailed, or shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce by any means, including by computer.

   d. The term "minor," as defined in Title 18, United States Code, Section 2256(1), refers to any person under the age of eighteen years.

   e. The term "sexually explicit conduct," Title 18, United States Code, Section

3

2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

f. The term "visual depiction," as defined in Title 18, United States Code, Section 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

g. The term "computer," as defined in Title 18, United States Code, Section 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. h. The term "child pornography," as defined in Title 18, United States Code, Section 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (c) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) and (c)(1)(A). Specifically, the Court of the Western District of Arkansas is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. The National Center for Missing and Exploited Children ("NCMEC") is an organization that, among other things, tracks missing and exploited children, and serves as a

4

repository for information about child pornography. Companies that suspect child pornography has been stored or transmitted on their systems can report that information to NCMEC in a CyberTipLine ("CT") report. To make such a report, a company providing services on the internet ("ISP") can go to an online portal that NCMEC has set up for the submission of these tips. The ISP then can provide to NCMEC information about the child exploitation activity it believes has occurred, including the incident type, the incident time, any screen or usernames associated with the activity, any IP address or port numbers it captured, as well as other information it may have collected in connection with the suspected criminal activity. Other than the incident type and incident time, the remainder of the information the ISP provides is voluntary and undertaken at the initiative of the reporting ISP. The ISP may also upload to NCMEC any files it collected in connection with the activity. The ISP may or may not independently view the content of the files it uploads. NCMEC does not review the content of these uploaded files. Using publicly available search tools, NCMEC then attempts to locate where the activity occurred based on the information the ISP provides such as IP addresses. NCMEC then packages the information from the ISP along with any additional information it has, such as previous related Cyber Tips, and sends it to law enforcement in the jurisdiction where the activity is thought to have occurred.

9. This investigation stems from multiple CyberTipLine reports indicating that an individual using multiple Twitter accounts with similar owner/identification information was advertising the sale of child pornography. As part of his messages/posts/advertisements, the user identified the Kik account at issue as TopFL_. As set out below, Agents believe the user possesses child pornography in the TopFL_ Kik account and distributes said items from the account in response to sales elicited, in part, from his Twitter advertisements.

10. On or about April 17, 2023, an FBI Task Force Officer (TFO) received CT Report 151531481 from NCMEC pertaining to flagged online incidents that are believed to involve the possession, distribution, and/or sale of child pornography. The flagged incidents were submitted by Twitter with date ranges from approximately January 6, 2023, to January 9, 2023, all associated with the same online user or screen name of PytThot_ and email address of manpoopy02@gmail.com.

11. Pursuant to a state search warrant signed by 13th Judicial District Court Judge Spencer Singleton on or about April 19, 2023, the TFO downloaded the contents of CT Report 151531481 on or about April 27, 2023. I then reviewed the contents of CT Report 151531481 on or about June 21, 2023. During the review, I observed one video which depicted child pornography as defined by Title 18, United States Code, Section 2256(8). The following is a description of the video file as observed: a video, approximately six seconds (0:06) in length, depicting what appears to be two females: one approximately 15-17 years of age, and a pre-pubescent minor female, approximately 7 to 9 years of age. The older female can be observed, clothed but simulating penile-oral sex with a sex toy commonly referred to as a "dildo". The pre-pubescent minor female enters the camera frame, clothed, and also begins to simulate penile-oral sex with a sex toy commonly referred to as a "dildo". Also included in the video is a "Shh" emoji superimposed over the pre-pubescent minor female's face when she has the device inserted into her mouth, and text reading "Kik: TopFL_".

12. From my training and experience, I know that the "Shh" emoji is commonly used by individuals possessing child pornography to imply they have illicit material. Additionally, I know that "PYT" in this context likely means "Pretty Young Thing", which is commonly used by

6

individuals with child pornography to discuss or advertise child pornography without alerting law enforcement.

13.  I know that NCMEC used publicly available search tools to discover that the registration IP address the ISP reported resolved to Camden, Arkansas, which is in the Western District of Arkansas. Pursuant to a Prosecutor's Subpoena issued by Arkansas Prosecutor Jeffrey C. Rogers on or about May 10, 2023, AT&T provided the TFO with the following subscriber information for the PytThot_ account registration IP address of 104.14.58.96:

   a.  **Name:** Kendra Gaston

   b.  **Home Address:** XXXX Mount Holly Road, Camden, Arkansas, 71701

   c.  **Cellular Telephone:** XXX-XXX-6049

   d.  **Personal Email:** MRSKGASTON2013@GMAIL.COM

### Additional NCMEC Reports

14.  During the review of CT Report 151531481, I saw that NCMEC associated 16 other CT reports with the user in CT Report 151531481 through the recurring IP address 104.14.58.96. On or about July 24, 2023, the Hon. Barry A. Bryant issued a federal search warrant[1] for the contents contained in CT Reports 157183751, 158812207, 158849624, 158853023, 158853243, 158853318, 158943537, 158943645, 159211255, 159267326, 159354661, 159355513, 159383104, 159940665, 160400818, and 160416365. I reviewed the contents contained in the aforementioned CT Reports and identified additional references to the **SUBJECT ACCOUNT** in three of the reports: 158853243, 159211255, and 159355513. In addition to the common references to the **SUBJECT ACCOUNT,** a review of the Twitter accounts in CT Reports

---

[1] *See* Docket No. 1:23-cm-23

7

158853243, 159211255, and 159355513 also revealed instances of the user of each corresponding account posting child pornography, engaging in conversations indicating the sale and distribution of child pornography, or both.

15. CT Report 158853243 was submitted by Twitter to NCMEC on or about March 18, 2023, and reported that on January 6, 2023, Twitter user "BestNoLimitPyt" had uploaded items containing child pornography to their servers. Twitter further reported that BestNoLimitPyt had provided his name as "Poopy Man" and a description of "Dm me on kik to buy files for a low price http://kik.me/TopFl_". A review of the information contained in Twitter user BestNoLimitPyt's account, which was uploaded through the CT, indicated that the account had been suspended as of January 8, 2023, and yielded the following information:

    a. A review of the media files provided by Twitter for user BestNoLimitPyt revealed multiple files which depicted child pornography. One example is Filename: 1611532114138120192-WqRjs2uUmPTxnrU.mp4, which is a video, approximately four seconds (0:04) in length, depicting what appears to be a minor female and an adult male engaged in oral-penile sex. The minor, approximately 8 to 10 years old, can be seen wearing a white long-sleeved shirt. The minor female performs oral sex on the adult male who appears to be wearing a dark colored shirt.

    b. A review of messages sent between Twitter user BestNoLimitPyt and other Twitter users indicated BestNoLimitPyt was engaged in the distribution and sale of child pornography. The following is an example of one conversation observed:

- *Twitter UID 1449670623395921920 (UID 1920): 20 for the files?*
- *BestNoLimitPyt (BP): Yes*
- *BP: Cash app is Luhh4D*
- *BP: I'm finna gts so u might wanna buy now cus imab banned tmr*

8

- *UID 1920: How many files?*
- *BP: 4,000+*
- *UID 1920: Sent*
- *UID 1920: \*Sends a photograph which appears to be a screenshot of CashApp confirming a $20 payment to $Luhh4D\**
- *BP: \*Sends (6) MEGA links\**

16. Cyber Tipline Report 159211255 was submitted by Twitter to NCMEC on or about March 22, 2023, and reported that on February 24, 2023, user "Top__FL " had uploaded items containing child pornography to their servers. Twitter reported that Top__FL had provided a name of "TopFL" and a description of "join the discord to purchase young young no limit https://discord.ggXErXb56G". Twitter reviewed and reported uploaded file "rH-ltchWECsw8Uri.mp4", which is described as a six second (0:06) video of a minor female, approximately 10 to 12 years old. In the video, the female's upper body can be seen wearing a pink bra. The female turns to face the camera and exposes her left breast. Superimposed over the video are texts reading, "Kik: TopFL_" and "Telegram: TopFL4", and a "Shh" emoji placed over the female's left breast attempting to obscure it. A review of the other information provided by Twitter showed that the account had been suspended on March 6, 2023, and yielded the following information:

    a. A review of all media files provided by Twitter for user Top__FL did not reveal any files which depicted child pornography. However, a review of messages sent between Twitter user Top__FL and other Twitter users indicated Top__FL was engaged in the distribution and sale of child pornography. The following is an example of one conversation as observed:

- *Twitter UID 1522067549453959168 (UID 9168): yo I'm tryna buy a young pyt album*

9

- *Top__FL (TF): Alright*
- *TF: Have you seen the menu?*
- *UID 9168: I was the same one that texted you about having money then*
- *UID 9168: the name is glitch on discord lol*
- *TF: Ah*
- *UID 9168: yo*
- *UID 9168: you ready?*
- *TF: Yeah*
- *UID 9168: I wanted the 50$ ebony file*
- *TF: Alr, send it ta TopFL2 on cashapp*
- *UID 9168: bet I'll ss it also*
- *UID 9168: kenzii?*
- *TF: Yeat*
- *TF: Yeag*
- *UID 9168: \*Sends a photograph which appears to be a screenshot for a $50 transaction to $TopFL2\**
- *TF: Yeah*
- *UID 9168: ight bet*
- *UID 9168: \*Sends a photograph which appears to be a screenshot confirming the user sent $50 to "Kenzii" which will be deposited once "Kenzii" completes the transaction\**
- *UID 9168: did you get it?*
- *TF: Yeah gimme a second*
- *UID 9168: okay*
- *UID 9168: if you were scamming just let me know it's cool*
- *UID 9168: it's all good*
- *UID 9168: god bless ya*
- *TF: I didn't scam lol sorru*
- *TF: My phone had died \*skull emoji\**
- *TF: \*Sends a photograph which appears to be a screenshot showing a cellular device charging and at 2% battery\**
- *UID 9168: oh some guy on your page said you were a scammer so I just gave you a chance any way*
- *UID 9168: it's alright my bad for the accusing*
- *TF: Hello?*
- *UID 9168: yeah?*
- *UID 9168: you there?*
- *TF: Yeah*
- *TF: Lwtting my batter get juice hollon*
- *UID 9168: alright take your time*
- *UID 9168: well tell me who you got them from so I can pay someone that's gonna actually give the money worth*

10

17. Cyber Tipline Report 159355513 was submitted by Twitter to NCMEC on or about March 25, 2023, and reported that on January 14, 2023, user "KingTopFL" had uploaded items containing child pornography to their servers. Twitter reported that KingTopFL had provided a name of "King" and a description of "y'all join this group chat to get pyt, https://t.me/+W7_t8dKxz3l5NGEx". A review of the other information provided by Twitter showed that the account had been suspended on January 15, 2023, and yielded the following information:

    a. A review of all media files provided by Twitter for user KingTopFL revealed multiple files which depicted child pornography. One example is Filename: 1614402475574071296-xCwTbdtNWdeoQCc1.mp4, which is a video, approximately nine seconds (0:09) in length, that appears to be a screen recording of the user's iPhone photo gallery. In the screen recording, the user shows a video saved in their gallery of an adult male and a minor female, approximately 2 to 4 years old. The minor female appears to be wearing a blue "onesie" with no underwear or shorts. During the video, the adult male flips the minor female over so that her back is on his chest and exposes her vagina. The adult male proceeds to lay his penis over the minor female's vagina. Superimposed over the video is a "lion" emoji which obscures clear observation of the male's and female's genitalia at times throughout the video. Also superimposed over the video are texts reading, "Telegram: TopFL2", "Kik: TopFL_", and "Discord: TopFL#0402".

    b. However, a review of messages sent between KingTopFL and other Twitter users did not reveal any conversations indicating KingTopFL was involved in the distribution or sale of child pornography.

11

18.     On or about June 26, 2023, pursuant to an administrative subpoena issued by the FBI, Kik provided subscriber information associated with TopFL_.  A review of that production revealed the following subscriber information:

   a. **Full Name**: Poopy Man

   b. **Other Identifiers**: TopFL_

   c. **Registration Email**: myofficialemailnicap@gmail.com (confirmed)

   d. **Registration Date**: 01/07/2023 at 10:03:15

   e. **Registration IP**: 108.196.1.26

19.     Based on the large number of CyberTipLine Reports relating to this suspect, his use of multiple of Twitter accounts which appear to be created and suspended within a fairly short time span, his possession of and advertisement of child pornography, and the specific references to his Kik account, there is probable cause to believe that evidence relating to child pornography will be located in the account.

## BACKGROUND ON KIK, MEDIALAB INC.

20.     Based on my training and experience, I have learned the following about the social media application 'Kik':

   a. A growing phenomenon related to smartphones and other mobile computing devices is the use of mobile applications.  Mobile applications, also referred to as "apps," are small, specialized programs downloaded onto mobile devices that enable users to perform a variety of functions, including engaging in online chat, reading a book, or playing a game.  Examples of such "apps" include LiveMe, KIK messenger service, Snapchat, Meet24, and Instagram.  Links can also be sent via some of these apps, including Instagram, that when clicked on can bring the recipient

12

to a folder or cloud storage account, such as Dropbox or Mega, which can contain significant amounts of child pornography.

  b. Kik is a free instant messaging application for mobile devices. Kik uses a mobile device's data plan or Wi-Fi to transmit and receive messages. Kik allows users to share photographs, sketches, mobile web-pages, linked internet files and other content. To use this application, a user downloads the application to a mobile phone or other mobile device via a service such as Google Play Store, Apple iTunes, or another similar provider. Once downloaded and installed, the user is prompted to create an account and username. The user also has a display name, which is what other users see when transmitting messages back and forth. Once the user has created an account, the user is able to locate other users via a search feature, and the two parties can then send each other messages, images, and videos. During the registration process, Kik registers date, time, Internet protocol (IP) address and device related information. The username is the only unique identifier used by Kik. According to the Kk Law Enforcement Guide, a Kik username is unique, can never be replicated and can never be changed. Kik users are also able to create chat groups, of up to 50 people, to communicate in a group setting and exchange images and videos. These groups are administered by the group creator who has the authority to remove and ban other users from the created group. Once the group is created, Kik users can share a link to the group with any other Kik user.

### **INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

21.  I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require MediaLab Inc. to disclose to the government copies of the records and other information

13

(including the content of communications) particularly described in Section I of Attachment B, government-authorized persons to review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

22. From my training and experience, I know that the use of the "Shh" emoji throughout the aforementioned CT Reports, along with terms such as "pyt" and "No Limit" in the corresponding Twitter profiles indicates the user of the Twitter accounts likely possesses media which meets the federal definition of child pornography and indicates an intent or attempt to sell said child pornography. Additionally, I know that Telegram, Kik, and Discord are applications commonly used by individuals possessing child pornography to distribute and trade their files with other possessors of child pornography. These applications are commonly utilized because they offer their users increased online anonymity through various encryption and account registration methods.

23. Therefore, based on all of the foregoing and from the conversations with other Twitter users and files containing child pornography observed throughout the multiple aforementioned Twitter accounts, which also reference the **SUBJECT ACCOUNT,** there is probable cause to believe that on computer systems owned, maintained, controlled and/or operated by MediaLab, Inc., there exists evidence of a crime, contraband, instrumentalities, and/or fruits of violations of criminal laws as specified herein, including identification of the person who used the electronic account described in Attachment A. The facts outlined above show that the **SUBJECT ACCOUNT** listed in Attachment A has likely been used to violate Title 18, United States Code, Section 2252A(a)(2), Receipt and Distribution of Child Pornography; Title 18, United States Code,

14

Section 2252A(a)(5)(B), Possession of Child Pornography or Access with Intent to View Child Pornography; and Title 18, United States Code, Section 2252A(a)(4)(B), Selling or Intent to Sell Child Pornography. There is also probable cause to believe that the user of the **SUBJECT ACCOUNT** used the **SUBJECT ACCOUNT** to violate the aforementioned statutes in the Western District of Arkansas.

24. Because the warrant will be served on MediaLab, Inc., who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service ore execution of this warrant.

Respectfully submitted,

/s/ *Warren W. Rooney (via telephonically)*
Warren W. Rooney
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to before me this 15th day of August, 2023.

Honorable Barry A. Bryant
United States Magistrate Judge

15